IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

MARGARITA R RAMOS MATOS

XXX-XX-5257

**Debtor(s)**

CASE NO. 08-06977 BKT

Chapter 13

FILED & ENTERED ON 03/31/2011

## OPINION AND ORDER

This proceeding is before the Court upon the Motion for Summary Judgment filed by the Commonwealth of Puerto Rico [Dkt. No. 122], and the Debtor's Motion for Summary Judgment [Dkt. No. 123]. For the reasons set forth below, this Court grants Summary Judgment in favor of the Debtor.

## I. FACTUAL BACKGROUND

Margarita Ramos Matos ("Debtor") filed a voluntary Chapter 13 petition on October 18, 2008. During the pendency of her case, the Commonwealth of Puerto Rico ("Claimant") filed a claim to collect on a debt arising from a judgment and an alleged judicial lien issued in 2002 on certain property of the estate. The Debtor argues that the claim is not entitled to secured status because it expired in 2006 by operation of law. On the other hand, Claimant argues that the lien

1

never expired, and thus their debt remains secured.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial-worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The Court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

2

### III. LEGAL ANALYSIS AND DISCUSSION

Debtor argues that Claimant's cautionary notice was not perfected because Claimant failed to renew it four years after recordation. According to 30 L.P.R.A. § 2465 only those cautionary notices *not originating from judicial orders* may be cancelled four years after their date of issue. In this case, according to the evidence presented, the cautionary notice originated from a judicial order [Exh. 3, Dkt. No. 122]. Under 30 L.P.R.A. § 2463, a cautionary notice created by a judicial order "shall be cancelled by a final judicial resolution issued by a competent court." Id. The use of the imperative "shall" indicates that cautionary notices created by judicial order may only be cancelled by final judicial resolution, and thus may not be cancelled by any other operation of law. Consequently, the cautionary notice by judicial order presented by Claimant has not expired, and will not expire until cancelled by the presentation of a final judicial resolution issued by a competent court.

That having been said, the relevant inquiry here is whether Claimant's entry of cautionary notice had the effect of perfecting a lien on Debtor's property. The Supreme Court of Puerto Rico, in the case of Perez Mercado v. Martinez Rondon, 130 D.P.R. 134 (1992), held that a cautionary notice does not create a secured right, and cannot be converted into a mortgage action. Id. at 146. To convert this provisional remedy to a secured lien, Claimant would have had to comply with final recordation of the judgment in accordance with the Mortgage Law, 30 L.P.R.A. § 2463. This Court concludes that Claimant's cautionary notice had the sole effect of warning third persons that ownership of the real property affected thereby was contingent on the outcome of a suit in progress. Claimant's failure to comply with the final recordation of the judgment causes their claim to be deemed unsecured for this bankruptcy proceeding. Therefore, Claimant's Proof of Claim Number 7-1

shall be treated as a general unsecured claim. Claimant requests in the alternative that the Court declares the debt undischargeable; this request is denied for failure to comply with 11 U.S.C.A. § 7001 (4), (6) or (9).

Having decided that, while the cautionary notice has not expired, it does not secure the debt owed to the Claimant, this Court GRANTS summary judgment in favor of the Debtor [Dkt. No. 123] to the extent that that said claim shall be treated as general unsecured.

**SO ORDERED.**

San Juan, Puerto Rico this 31 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge